JUDGE RICARDO S MARTINEZ



08-CV-01717-NTC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PILAR JUSTINIANI LERIN,<br><br>Petitioner,<br><br>v.<br><br>OSBALDO CORTES SIERRA,<br><br>Respondent. | CASE No. C08-1717RSM<br><br>**ORDER GRANTING EMERGENCY MOTION FOR ORDER FOR WARRANT IN LIEU OF WRIT OF HABEAS CORPUS PURSUANT TO RCW 7.36.190** |

THIS MATTER came before the Court *ex parte* on Petitioner's Emergency Motion For Order for Warrant in Lieu of Writ of Habeas Corpus Pursuant to RCW 7.36.190 (the "Motion"). The Court having conducted a hearing on the Motion, and after considering the arguments of Petitioner's counsel and the entire record, and pursuant to Federal Rule of Civil Procedure 65, having been fully informed, the Court hereby GRANTS the Motion.

This Court finds that *ex parte* emergency relief is necessary to prevent irreparable injury. Specifically, the evidence of record shows that on September 11, 2007, Respondent, wrongfully removed their then four-year-old son, AOCJ, without Petitioner's acquiescence or consent, from Petitioner's home in Mexico and smuggled the child into the United States. Given that Respondent has already abducted the child in violation of an order issued by a Mexican court of law and himself faces the risk of apprehension here, there exists a clear risk that Respondent will further secret the child and himself, in violation of the Hague Convention,

and not appear before this Court to resolve the claim presented by Petitioner. Accordingly, and pursuant to Federal Rule of Civil Procedure 65(b), the Court finds it necessary to grant this Order without notice.

Now therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Petitioner's Motion is GRANTED as follows.

(1) Respondent is hereby prohibited from removing AOCJ from the jurisdiction of this Court pending a hearing on the merits of the Petition for Return of Child to Petitioner, and no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Petition.

(2) A preliminary injunction hearing on the merits of the Petition is hereby scheduled to be held on Feb 27, 2009 at 1:30 pm o'clock in Courtroom 13206 of this Court.

(3) Respondent is hereby directed to show cause at the hearing scheduled in paragraph (2) above why the child should not be returned to Mexico, accompanied by Petitioner, where any appropriate custody proceedings can be held under Mexican law, and why the other relief requested in the Petition should not be granted.

(4) The Court hereby orders that the trial of this action on the merits will be advanced and consolidated with the preliminary injunction hearing scheduled in paragraph (2) above.

(5) The Court hereby orders the United States Marshals Service to take physical custody of the child, AOCJ, and place the child in Petitioner's temporary physical custody upon the following conditions set to guarantee that both Petitioner and the Child will attend the preliminary injunction hearing scheduled in this case:

(a) Petitioner is hereby prohibited from removing AOCJ from the jurisdiction of this Court pending a hearing on the merits of the Petition;

(b) No person acting in concert or participating with Respondent [Petitioner] shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Petition;

(c) Petitioner and child shall both attend the preliminary hearing scheduled in paragraph (2) above.

(6) The United States Marshals Service is further directed to serve Respondent with this Order, as well as the pleadings filed by Petitioner in this case.

(7) To execute this Order, the United States Marshals Service may enlist the assistance of other law enforcement authorities, including the local police and/or Child Protective Services.

(8) Pending the Court's ruling on the merits of the Petition, Respondent is permitted supervised visitation of AOCJ every Saturday between the hours of 10:00 a.m. and 12:00 p.m. Visitation shall take place at and supervision shall be provided by the Indaba Center, or another such professional provider of supervised visitation services. The cost of such professional service provider shall be paid by Respondent. Respondent shall notify Petitioner's counsel in writing of the service provider and location of the scheduled visitation.

(9) Pending the Court's ruling on the merits of the Petition, Respondent is hereby restrained and enjoined from disturbing the peace of Petitioner, AOCJ and / or Petitioner's counsel of record. Respondent is further restrained and enjoined from going onto the grounds of or entering the home, work place or school of Petitioner and / or her counsel of record, or the day care or school of AOCJ. Respondent is further restrained and enjoined from molesting, assaulting, harassing or stalking Petitioner, AOCJ, and / or Petitioner's counsel of Record.

DATED this 22 day of January, 2009.

_____
United States District Judge

Presented by:

DLA PIPER LLP (US)

*s/ Danielle S. Fitzpatrick*
Brian D. Buckley, WSBA No. 26423
Danielle S. Fitzpatrick, WSBA No. 37189
Catherine R. Borden, WSBA No. 39666
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Telephone: 206.839.4800
Fax: 206.839.4801

E-mail: brian.buckley@dlapiper.com
E-mail: danielle.fitzpatrick@dlapiper.com
E-mail: catherine.borden@dlapiper.com

Attorneys for Petitioner Pilar Justiniani Lerin